# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MICHAEL WAYNE LEONARD,            )
                                  )
       Petitioner,               )
                                  )
       vs.                       )   CIV-08-479-FHS
                                  )
DAVID PARKER, Warden,             )
                                  )
       Respondents.              )

## ORDER

Petitioner, an inmate in the custody of the Oklahoma Department of Corrections and currently incarcerated at the James Crabtree Correctional Center in Helena, Oklahoma, has filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, attacking a state post-conviction proceeding. Petitioner is currently incarcerated pursuant to judgments and sentences for First Degree Rape by Instrumentation (Count 6), Lewd Molestation (Counts 7 and 8), Failure to Register as a Sex Offender (Count 9), Sex Offender Living Within 2000 feet of School, and After Former Conviction of a Felony (Count 10). Pursuant to the nolo contendere plea, Petitioner was sentenced to terms of twenty years with all but the five years suspended on Counts 6,7 and 8, and to terms of ten years with all but the first five years suspended on Counts 9 and 10, with the sentences to be served concurrently. Petitioner's convictions are out of Pittsburgh County District Court, Case No. CF-2007-257. He sets forth the following ground for relief: The Oklahoma Court of Criminal Appeals failed to provided him a fair and adequate proceeding during the post-conviction appeal process.

**State Post-Conviction Proceeding**

Under the revised federal habeas corpus statutes, habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In his only ground for relief Petitioner claims the Oklahoma Court of Criminal Appeals' handling of his post-conviction appeal was inadequate and unfair. Specifically, Petitioner complains that the Oklahoma Court of Criminal Appeals failed to adequately address his complaint that the state district court lacked subject matter jurisdiction over his case because the Information was not properly verified. Because Petitioner is not entitled to a state post-conviction proceeding and state collateral proceedings do not constitute independent due process claims in a federal habeas action, Petitioner's claim for habeas relief is outside of a federal habeas proceeding unless he can demonstrate that his federal due process rights were violated.

Federal law clearly dictates there is no constitutional entitlement to state post-conviction proceedings. <u>Pennsylvania v. Finley</u>, 481 U.S. 551 (1987) and <u>Shipley v. Oklahoma</u>, 313 F.3d 1249, 1251 (10th Cir. 2002). Because federal habeas corpus review is limited to the evaluation of the constitutionally of state or

federal proceedings that leads up to a petitioner's conviction, the events in a post-conviction proceeding generally do not constitute habeas violations.

The relief Petitioner seeks rest solely on Oklahoma's post-conviction statute and case law interpreting the statute.  This issue is one for state law.  Federal courts on habeas review cannot strike down as unconstitutional a state post-conviction procedural rule.  <u>Phillips v. Ferguson</u>, 182 F. 3d 769, 772-773 (10th Cir. 1999). See also <u>Sellers v. Ward</u>, 135 F. 3d 1333, 1339 (10th Cir. 1998), cert. denied, 525 U.S. 1024 (1998)(holding when Petitioner asserts no constitutional trial error, but only an error in the state post-conviction procedure, no relief can be granted on habeas corpus).  Thus, Petitioner's claim that he did not receive a full and fair hearing in his post-conviction proceeding is beyond habeas review.

In addition, Petitioner cannot show that he suffered a violation of his federal due process rights as a result of the Oklahoma Court of Criminal Appeals's resolution of his post-conviction appeal.  In his application for post-conviction relief to the state district court, Petitioner complained the court improperly exercised subject matter jurisdiction over his case because the Information filed was not properly verified.  Petitioner's contention is governed by 22 O.S.A. § 303.  This provision sets forth the formal requirements for the Information. 22 O.S.A. § 303 (A) provides:

> The district attorney shall subscribe the district attorney's name to informations filed in the district court and endorse thereon the names and

> last-known addresses of all the witnesses known to
> the district attorney at the time of filing the
> same, if intended to be called by the district
> attorney at a preliminary examination or at trial.
> Thereafter, the district attorney shall also
> endorse thereon the names and last-known addresses
> of such other witnesses as may afterwards become
> known to the district attorney, if they are
> intended to be called as witnesses at a
> preliminary examination or at trial, at such time
> as the court may by rule prescribe.

1.


The state district court reviewed Petitioner's claim and found it to be without merit. In rejecting his claim, the state district court found all the requirements for an Information had been met. On post-conviction appeal the Oklahoma Court of Appeals agreed with the state district court's decision and found the state district's court decision was consistent with Oklahoma law. The Oklahoma Court of Criminal Appeals's determination that Petitioner's claim of error did not violate his federal rights to due process was correct. Petitioner's claim that he did not receive a full and fair hearing on post-conviction appeal is therefore outside the scope of federal habeas corpus review. Accordingly, Petitioner writ for habeas corpus is hereby denied.

**IT IS ORDERED** this 29th, day of June, 2009.

Frank H. Seay
United States District Judge